IN RE TRUSTEESHIP OF JENCY BARTHOLOMEW.

DECEMBER 14, 1928.

J. C. *France,* for appellant.

F. J. *Casterline & Son* and *Johnson, Donnelly & Lynch,* for appellee.

EVANS, J.—The trust estate comprised a small homestead and moneys and credits to an approximate amount of $6,000. No question pertaining to the real estate is involved in this controversy. The trustee rendered a full account of his doings, and reported, as a part of the assets in his hands belonging to the trust estate, a promissory note of $5,000, reduced by credits to the approximate sum of $3,800. Such note was concededly worthless, and this was the occasion for the objections filed.

At the time that Frink accepted the trust (1916), he was cashier of the Cedar County Bank, and had been such for more than 30 years. He continued to be such up to the time of the trial herein. In 1916, he invested $4,000 of the trust fund in the purchase of a note against Buresh for like amount, which note was amply secured by $11,000 worth of secured collateral, the security of such collateral being a real estate mortgage. In 1921, he released such collateral, and surrendered the $4,000 note to its maker. At the same time, and virtually as a part of the same transaction, he reloaned to Buresh the same amount, plus an additional $1,000, and took therefor a note of $5,000 signed by Buresh and two sureties, Ed Brennan and Con. Lynch. Within less than two years thereafter, all these makers proved to be insolvent. The broad question in the case is whether the trustee was justified in the making of such loan, either by express legal authority or by the exercise of a fair and sound discretion on his own part.

No express authority from the court was ever conferred upon the trustee to make such loan. After making same, the trustee did predicate his annual reports upon such loan, and reported annually the interest collected thereon, up to 1924. These annual reports were formally approved. The decree of the district court found as a fact that he failed to exercise a proper discretion in the administration of his trust, so far as such note was concerned. It is the contention of the appellant that the evidence in the record did not warrant or sustain the decree.

· The case, as presented, is somewhat anomalous. The trust created was not testamentary. The estate thereof was not involved in administration in the probate court. It was a voluntary creation by deed of the owner of the property, whereby she made conveyance in trust to her selected trustee. The tendered trust was formally accepted in writing by him. It is the contention of the appellant that, because the trust was not testamentary, but was created by deed, it was not subject to the supervision of the probate court; that the discretion conferred upon the trustee was exclusive, and could not be supplanted or controlled by the judgment or discretion of the court. As bearing against this contention, the trust deed contained the following:

"Upon the acceptance of this trust, said trustee shall cause this deed to be recorded in the office of the county recorder of Cedar County, Iowa, and shall thereafter cause the same to be filed in the office of the clerk of the district court of said county, together with his bond in the penal sum of twelve thousand ($12,000.00) conditioned upon the faithful performance of the duties herein imposed upon him, and shall further file with said deed and bond an inventory of the property received by him under the conditions of this deed, and he shall thereafter annually report to said court his doings as trustee, and shall render a full accounting for all moneys received and disbursed by him and shall furnish the grantor herein with copies of such reports prior to their being acted upon by the court.

"In witness whereof, I have subscribed my name this 5th day of October, A. D. 1916.

"Jency Bartholomew."

Indorsed upon the deed was the following acceptance:

"Acceptance by Trustee.

"I, S. G. Frink, the trustee named in the foregoing instrument, do hereby accept the trust therein imposed and granted upon all the terms and conditions as set forth therein.

"Witness my hand at Tipton, Iowa, this 5th day of October, A. D. 1916.

"S. G. Frink, Trustee."

We think the foregoing is a sufficient answer to the appel-

lant's contention at this point. It may be true that either party might have been entitled to a transfer of the case to the equity side of the court, on the theory that the doings of a trustee appointed by private contract are usually reviewable in a court of equity. And this is so without stipulation in the contract to that effect. The stipulation in this case subjected the trustee to the supervision of the district court of that county. Such court functions as an equity court and as a probate court. The parties have mutually invoked the probate jurisdiction. The appeal, therefore, must be treated as one from a probate order. As such, the case is not triable here *de novo*, except in the sense that the appellant may challenge the sufficiency of the evidence to sustain the finding below.

The burden of justification was upon the appellant. He offered no affirmative justification of the credit of Buresh or of Lynch. He did introduce evidence in justification of his acceptance of Brennan as surety. It will be noted that the $5,000 note was accepted in 1921. The date is a significant one in the financial history of the state. Brennan was the owner of 1,600 or 1,700 acres of land, comprising many farms in Cedar County. Many of them were unincumbered, and others were heavily incumbered. Large prices had been paid for some of them. He was a director of the bank of which appellant was cashier. The appellant was in a position to know much as to his financial ability. He was owing this bank at that time between $20,000 and $30,000. His incumbered lands carried more than $200,000 in mortgages. The appellant put in evidence a financial statement made by Brennan in February, 1922, to such bank. In such statement he estimated his real estate values at nearly $600,000, and showed indebtedness, including mortgages, of approximately $300,000. Incidentally, it appears in such statement that Brennan was under no obligation as surety to anyone. The statement in this respect was inaccurate, if not false, to the knowledge of the appellant. It appears in this record, from the evidence of appellant's witnesses, that Brennan was a free signer as surety for many people. The appellant knew that he was surety upon the Buresh note. Within a few months thereafter, the crisis came. The appellant found himself standing betwixt antagonistic interests. Brennan was then owing the bank $30,000.

He was owing the trust fund $5,000. The appellant was the managing officer of the bank, and owed imperative duties thereto. He obtained mortgage security for the debt owed to the bank. He obtained none for the trust fund. He testified that he tried to obtain security, but could not. Whether he fairly met his duty as trustee at this point was peculiarly a question of fact, for the determination of the trial court. He offered no other evidence of diligence than is here indicated. We recognize that there is much in the record in support of the appellant's good faith, if mere good faith were enough. Mrs. Bartholomew had selected the law firm of Casterline & Son to draw her deed of trust. She afterwards counseled with them, more or less. The appellant employed the same firm to represent himself as trustee and to make his annual reports and to present the same to the court for approval. There was no active concealment or intended wrongdoing on his part. He doubtless mistakenly believed that the approval of his annual reports was a sufficient authorization and ratification by the court of what he had done. His good faith, however, did not lift from him the duty of diligence according to the standards of the law in the protection of his trust. Upon the record before us, it cannot be said that the finding of the trial court is lacking in supporting evidence.

The decree is, accordingly,—*Affirmed.*

STEVENS, C. J., and DE GRAFF, ALBERT, MORLING, and WAGNER, JJ., concur.